IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Shenzhen Huajie Technology Co Ltd, | ) |
|                          Plaintiff, | ) Case No. 1:22-cv-0XXXX |
| v. | ) |
| The Individual, Partnership, or Unincorporated Association Identified on Schedule "A", | ) |
|                          Defendant | ) |

### Declaration of Jing Li

I, Jing Li, of the City of Shenzhen, declare as follows:

1. This declaration is based upon my personal knowledge of the facts stated herein or on the business records that were made at the time or in the regular course of business. If called as a witness, I could and would testify to the statements made herein.

2. I am chief operations officer for the Plaintiff, Shenzhen Huajie Technology Co Ltd. I am knowledgeable of or have access to business records concerning all information referenced herein, including, but not limited to, trademarks, copyrights, other intellectual property, sales, on-line sales, advertising, marketing, and media coverage. I make this declaration from matters within my own knowledge unless otherwise stated.

3. Since 2017, Plaintiff has been engaged in the design, distribution, marketing, offering for sale, and sale of clothing products (the "Plaintiff Products").

4. Authentic Plaintiff Products are distributed and sold to consumers throughout the United States, including in Illinois, online and through ecommerce.

5. Plaintiff Products are known for their distinctive brand (the "Plaintiff's Mark"). The Plaintiff's Mark is broadly recognized by consumers. Clothing products displaying or associated with the

Plaintiff's Mark are associated with the quality and fashionable characteristics that the public has come to expect from Plaintiff's products.

6. Plaintiff, formerly known as Shenzhen Huajie E-Commerce Co., Ltd, is the lawful owner of the Plaintiff's Mark and maintain the exclusive right to use it. Attached hereto as **Exhibit 1** is a true and correct copy of the United States Trademark Registration. Plaintiff's Mark is valid, subsisting, and has bever been abandoned.

7. I perform, supervise, and/or direct investigations related to Internet-based infringement for Plaintiff's business, including investigations related to the infringement of the Plaintiff's Mark. My investigation shows that Defendant is making, using, offering for sale, selling, and/or importing into the United States for subsequent sale or use products, namely clothing, which infringed directly and/or indirectly the Plaintiff's Mark (the "Counterfeit Products"). I, or someone working under my direction, analyzed the e-commerce stores[1] operating under the seller aliases identified in Schedule A to the Complaint (the "Defendant Online Store") and determined that Counterfeit Products were being offered for sale to residents of the United States, including Illinois residents. This conclusion was reached through visual inspection of the products listed for sale on each ecommerce store, the price at which the Counterfeit Products were offered for sale, other features commonly associated with e-commerce stores selling infringing products, and because Plaintiff has not granted a license or any other form of permission to Defendant as they are identified with respect to the Plaintiff's Mark. In addition, Defendant's e-commerce store offered shipping to the United States, including Illinois. True and correct copies of screenshot printouts showing the active Defendant Online Store, Defendant Domain Name registry information, and order receipts showing inconsistent Defendant identification, reviewed are attached as **Exhibit 2**.

8. Defendant has targeted sales to Illinois residents by setting up and operating its e-commerce store

---

[1] The e-commerce store URLs are listed on Schedule A to the Complaint.

that targets United States consumers under the Defendant Online Store domain, offers shipping to the United States, including Illinois, accepting payment in U.S. dollars and, on information and belief, has sold Counterfeit Products to residents of Illinois over the Internet.

9. Based on inspection and knowledge of the Defendant Online Store as documented in **Exhibit 2**, Plaintiff has not licensed or authorized any Defendant to use the Plaintiff's Mark.

10. On information and belief, Defendant have engaged in fraudulent conduct when registering the Defendant Online Store, and when registering the Defendant Domain Name by providing false, misleading, and/or incomplete information to the e-commerce platform and internet registrar(s). On information and belief, Defendant has deceptively registered and maintained the Defendant Online Store, and anonymously registered the Defendant Domain Name, to prevent discovery of its true identity and the scope of its e-commerce operations.

11. On information and belief, Defendant may acquire new seller aliases for the purpose of offering for sale and selling Counterfeit Products.

12. On information and belief, Defendant operates under multiple aliases and "contact" information so as to shield its counterfeiting operation from enforcement activities.

13. On information and belief, Defendant regularly participates in QQ.com and WeChat chat rooms and through websites such as sellerdefense.cn, kaidianyo.com and kuajingvs.com regarding tactics for evading detection, pending litigation, and potential new lawsuits.

14. Infringers such as Defendant typically operate under multiple seller aliases and payment accounts so that they can continue operating despite Plaintiff's enforcement efforts.

15. On information and belief, Defendant maintain offshore bank accounts and regularly moves funds from their e-commerce financial and payment accounts to offshore bank accounts outside the jurisdiction of this Court to allow it to avoid payment of any monetary judgment awarded to a rightsholder, such as Plaintiff.

16. Monetary damages cannot adequately compensate Plaintiff for ongoing infringement because monetary damages fail to address the damage to Plaintiff's control over rights in Plaintiff's Mark, the Plaintiff's Mark's reputation, associated goodwill, and Plaintiff's ability to exploit the Plaintiff's Mark. Furthermore, monetary damages are difficult, if not impossible, to ascertain due to the inability to calculate measurable damage in dollars and cents caused to Plaintiff's control over its rights in the Plaintiff's Mark, its mark's reputation, the goodwill associated therewith, and Plaintiff's ability to exploit the Plaintiff's Mark by these acts of infringement.

17. The goodwill and reputation of Plaintiff's business is irreparably damaged by the making, using, offering for sale, selling, or importing of goods that infringes the Plaintiff's Mark. Moreover, brand confidence is damaged, which can result in a loss of future sales and market share. The extent of harm to Plaintiff's reputation and goodwill and the possible diversion of customers due to loss in brand confidence is largely unquantifiable.

18. Plaintiff is further irreparably harmed by the unauthorized making, using, offering for sale, selling, or importing of goods that infringe the Plaintiff's Mark because infringers take away Plaintiff's ability to control the nature and quality of the Counterfeit Products. Loss of quality control over goods made, used, offered for sale, sold, or imported featuring the Plaintiff's Mark and, in turn, loss of control over Plaintiff's reputation is neither calculable nor precisely compensable.

19. The making, using, offering for sale, selling, or importing of goods featuring the Plaintiff's Mark which are not authorized, produced, or manufactured by Plaintiff or its agents is likely causing and will continue to cause consumer confusion, which weakens Plaintiff's brand recognition and reputation. Inferior quality products will result in increased skepticism and hesitance in consumers presented with genuine products, resulting in a loss or undermining of Plaintiff's business's reputation and goodwill.

20. Plaintiff is further irreparably damaged due to a loss of exclusivity. Plaintiff's products are meant

to be exclusive. Plaintiff's marketing efforts and designs are aimed at growing and sustaining sales. When infringers make, use, offer for sale, sell, or import goods featuring the Plaintiff's Mark without authorization, the exclusivity of products, as well as Plaintiff's reputation, are damaged and eroded, resulting in a loss of unquantifiable future sales.

21. Plaintiff will suffer immediate and irreparable injury, loss, or damage if an *ex parte* Temporary Restraining Order is not issued.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this June 23, 2022 in Shenzhen, China.

_____

Jing Li